IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

WILLIAM T. SIMMONS,

        Plaintiff,

        v.

RICHARD FITZGERALD, in his individual
and official capacity as
Allegheny County Executive and
WILLIAM McKAIN, in his individual and
official capacity as Allegheny
County Manager,

        Defendants.

14cv1719
**ELECTRONICALLY FILED**

## **MEMORANDUM ORDER OF COURT RE: DEFENDANTS' MOTION TO DISMISS (DOC. NO. 7)**

### I. Introduction

This case centers on alleged violations of William T. Simmons' ("Plaintiff's") constitutional rights while he was employed as the Director of the Shuman Juvenile Detention Center ("Shuman Center"). Doc. Nos. 2 and 3. *Pro se* Plaintiff initiated this lawsuit on December 19, 2014, by filing a Motion for Leave to Proceed *in forma pauperis* and an accompanying five page Complaint. Doc. No. 1. On December 23, 2014, the Court granted Plaintiff's Motion for Leave to Proceed *in forma pauperis* and ordered Plaintiff to file an Amended Complaint because the specific nature of his claims were unclear. 12/23/2014 Text Order. A four-page Amended Complaint was docketed by the Clerk's Office on January 9, 2015. Doc. No. 3.

Presently before this Court is a Motion to Dismiss for Failure to State a Claim filed by Defendant Richard Fitzgerald ("Fitzgerald") and Defendant William McKain ("McKain"). Doc. No. 7. Plaintiff wholly opposes Defendants' Motion. Doc. Nos. 12 and 13.

For the following reasons, Defendants' Motion to Dismiss (Doc. No. 7) will be DENIED.

**II. Standard of Review**

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) (citation omitted).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013). "While legal conclusions can provide the

framework of a Complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 664.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8. Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements. *Id.* at 556. Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 212 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief. *Twombly*, 550 U.S. at 563, n.8.

### III. Statement of Facts

The following statement of facts has been taken from Plaintiff's Complaint and Amended Complaint and are accepted as true solely for the purposes of this Memorandum Order:[1]

During the relevant time period, Plaintiff, an African American male, was the Director of Shuman Center and, as such, an employee of Allegheny County and the Commonwealth of Pennsylvania. Doc. No. 2, ¶¶ 7, 10. Defendant Fitzgerald was responsible for the operation of Allegheny County, including its department and authorities. Id. at ¶ 9. Plaintiff reported to his direct supervisor, Defendant McKain, who was appointed by Defendant Fitzgerald. Id. at ¶ 11.

---

[1] While an amended complaint normally supersedes the original complaint, the Court finds that the Amended Complaint, in this matter, expands upon the Original Complaint and, due to Plaintiff's *pro se* status, these documents must be read in conjunction with each other. *See Snyder v. Pasack Valley Hospital*, 303 F.3d 271, 276 (3d. Cir. 2002) ("An amended complaint supersedes the original version in providing the blueprint for the future course of a lawsuit."); *Zrodskey v. Head Classification Officer*, 2011 WL 5881813, at * 2 (D. N.J. 2011) citing *Haines v. Kerner*, 404 U.S. 519, 520-21 ("However, courts must construe submissions by pro se plaintiffs broadly."). Defendants will not be prejudiced by this liberal reading as they note that "on January 9, 2015, Plaintiff filed an amended complaint that is identical in substance to his original complaint." Doc. No. 7, ¶ 4.

Defendants Fitzgerald and McKain colluded to discriminate against and harass Plaintiff because of his race. Id. at ¶ 12.

Plaintiff was a satisfactory employee during the seven years he was employed at the Shuman Center. Doc. No. 3, ¶ 4(a) and (b). The Center was subject to annual inspections and licensing by the Pennsylvania Department of Public Welfare ("DPW") for compliance with regulations. Id. at ¶ 4(c). "A little more than a year on the job," the DPW cited the Center for 28 violations and issued a "provisional license." Id. at ¶ 4(d). Plaintiff remedied the facility's violations and the DPW reissued a regular license for the facility. Id. at ¶ 4(e).

The DPW's inspection, "2 years subsequent," resulted in no citations (all areas of inspection exceeded compliance factors). Id. at ¶ 4(f). In early 2012, when Defendant Fitzgerald began his position as County Executive, he and members of his administration met with Plaintiff to discuss allegations allegedly lodged by Shuman Center employees. Doc. No. 2, ¶ 13(a), Doc. No. 3, ¶ 4(g),. On September 13, 2012, Defendant McKain met with Plaintiff and members of Shuman Center's staff to discuss an alleged petition from 70 employees about matters at the Center. Doc. No. 2, ¶ 13(b), Doc. No. 3, ¶ 4(h). Many of these issues were the same as those discussed by Defendant Fitzgerald earlier that year. Doc. No. 2, ¶ 13(b). After the meeting, Defendant McKain issued a report outlining the alleged issues he wished to be addressed. Doc. No. 3, ¶ 4(i). Plaintiff submitted a written response to the report. Id. at ¶ 4(k). Defendant McKain involved the media in this matter, in order to publically harass Plaintiff. Id. at ¶ 4(j).

On January 4, 2013, an unspecified incident occurred between Shuman Center staff and a resident. Doc. No. 3, ¶ 4(l). The Security Manager, who is a Caucasian male, conducted an investigation into the incident. Doc. No. 2, ¶ 13(g), Doc. No. 3, ¶ 4(m). DPW conducted an investigation of the incident and issued a provisional license for "failure to report a child line in a

4

timely fashion," which was an erroneous finding. Doc. No. 3, ¶ 4(n). On March 13, 2013, Defendant McKain met with Shuman Center staff and administrators. Doc. No. 2, ¶ 13(k). On Plaintiff was suspended without pay for five days for failure to investigate the incident. Doc. Id. at ¶ 13(l). Defendant McKain informed Plaintiff that he was dissatisfied with the discipline Plaintiff imposed on fellow staff members. Doc. No. 2, ¶ 13(m). Four other African-American staff members were disciplined as a result of the incident, while the Caucasian staff member, who conducted the investigation, was promoted. Doc. No. 2, ¶ 13(n), Doc. No. 3, ¶¶ 4(l)-(m). The Security Manager was reassigned to report to the County Police. Doc. No. 2, ¶ 13(p).

Plaintiff and a Deputy staff member were terminated from employment on July 28, 2013. Doc. No. 3, ¶ 4(o). Plaintiff's duties were delegated to the Acting Warden, who is Caucasian. Id. at ¶ 5(a).

Plaintiff was harassed because he opposed the selection of the acting Warden during the Warden selection process and the selection of an unqualified candidate for Training Manager over a more qualified candidate. Id. at ¶ 5(a).

Plaintiff invokes 42 U.S.C. § 1983 as a basis for this Court's jurisdiction. Doc. No. 3, ¶ 1.[2]

### IV. Discussion

Defendants move this Court to dismiss Plaintiff's Amended Complaint because: (1) Plaintiff has not alleged any deprivation of rights, privileges, or immunities guaranteed by the Constitution and (2) Defendants are entitled to qualified immunity. Doc. No. 8.

The Court reviewed Plaintiff's original Complaint in December, 2014, and ordered Plaintiff to file an Amended Complaint "including all factual averments that support his claims,

---

[2] Plaintiff invoked both 42 U.S.C. §1983 and 42 U.S.C. § 1981a as bases for jurisdiction in his original Complaint. Doc. No. 2, ¶ 6.

[and] the specific nature of his claims" because it was unclear whether Plaintiff's claims sound in "employment law (Plaintiff's termination) or violation[s] of [his] civil rights pursuant to 42 U.S.C. § 1983." 12/23/2014 Text Order. Plaintiff, in his Amended Complaint, set forth that jurisdiction is based upon 42 U.S.C. § 1983 and his cause of action is that his "constitutional rights, privileges, and immunities have been violated." Doc. No. 3, ¶¶ 1, 5. This is consistent with Plaintiff's selection as "other Civil Rights" as the nature of suit on the Civil Cover Sheet. Doc. No. 1-2.[3] The sole colorable inclusion in the Amended Complaint under an employment termination theory is the following:

### **PREVIOUS ADMINSTRATIVE RELIEF**

> 7. Plaintiff filed with the Equal Employment Opportunities Commission and was issued a "Right to Sue" letter after their investigation.

Doc. No. 3, ¶ 7.

As noted in his response and brief in opposition to Defendants' Motion to Dismiss, Plaintiff has chosen to pursue his requested relief pursuant to the Civil Rights Act and, therefore, the Court must determine if he has sufficiently set forth well-pleaded facts to demonstrate a plausible claim under section 1983.

The Court finds that, based upon the lenient standard of review accorded to *pro se* litigants, there are sufficient factual averments to support a claim for Section 1983 employment discrimination. *See Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1079 (3d. Cir. 1990) (". . . section 1983 is a vehicle for vindicating rights secured by the United States Constitution or federal law and does not confer any substantive rights. *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 618, 99 S.Ct. 1905, 1916, 60 L.Ed.2d 508 (1979). Although [Plaintiff] does

---

[3] In checking this box, Plaintiff chose not to select "Civil Rights-Employment," which is an option two lines below "civil rights-Other Civil Rights," or any options in the Labor section of the form. Doc. No. 1-2.

not explicitly identify in the complaint or briefs the substantive basis for his race discrimination claim under section 1983, that claim must be grounded on the equal protection clause of the Fourteenth Amendment."). Specifically, Plaintiff has set forth that he was harassed and eventually terminated from his employment because of his race and in retaliation for vocalizing disagreement during employment selection processes, and a Caucasian employee replaced him after his termination. These factual averments are sufficient at this early stage.

As to Defendants' remaining arguments, it would be premature to find that either Defendant is entitled to qualified immunity because they "reasonably believe[d] that his or her conduct complies with the law" prior to the close of discovery. Doc. No. 8, 6, citing *Pearson v. Callahan*, 555 U.S. 223, 244 (2009).

Therefore, because Plaintiff has advanced sufficient factual averments to provide Defendants with a short and plain statement of what allegedly occurred and why he is entitled to relief, Defendants' Motion to Dismiss (Doc. No. 7) will be denied.

## V. Conclusion/Order

AND NOW, this 30th day of March, 2015, IT IS HEREBY ORDERED THAT Defendants' Motion to Dismiss (Doc. No. 7) is **DENIED**.

s/ Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties

William T. Simmons, *Pro Se* Plaintiff
612 Spring Run Drive
Monroeville, PA 15146